# Eby's Case.

If a judgment be opened, and the defendant let into a defence upon the merits and pleads to issue, and the plaintiff afterwards issues a *scire facias quare executio non,* to which the defendant appeared and confessed judgment of revival, and pleaded the proceedings on the original judgment, whereupon a judgment was entered for want of a sufficient plea, a writ of inquiry of damages issued and was returned finding the amount due, which was collected by execution: *Held,* that the original suit was no longer pending.

THIS was an application at the instance of John Eby to make absolute a rule to show cause why a peremptory mandamus should not issue directed to DANIEL DURKEE, Esquire, President Judge of the Nineteenth Judicial District, commanding him to proceed with the trial of suit No. 45, January Term 1830, John Eby against John Bucher. The facts of the case are all stated in the opinion of the court.

*Hambly,* for the rule.
*Mayer, contra,* whom the court declined to hear.

The opinion of the Court was delivered by
SERGEANT, J.— An action of debt by assumpsit was brought in the Common Pleas of York county by John Eby against John Bucher, No. 45, to January Term 1830, and narr. filed 4th December 1829, claiming the sum of $10,801.50, for money paid and for rent due for his share of a grist mill, and the summons was returned served. At January Term 1830, judgment was entered. On the 8th August 1832, a rule obtained by the defendant was made absolute that the judgment should be opened and the defendant allowed to make defence; the judgment to remain as security for such sum as the plaintiff may recover. A *scire facias*

[Eby's Case.]

was issued by the plaintiff to January Term 1835, No. 3, reciting that the plaintiff had recovered against the defendant a debt of $10,801.50, and $9.44 costs, at the Term of January 1830; that execution remained to be made and commanding notice to the defendant to appear to show why the plaintiff should not have execution for the debt and damages aforesaid.    This writ was returned made known.    On the 24th November 1834, the defendant pleaded payment with leave, to which on the 22d March 1836, the plaintiff replied *non solvit;* issue and rule for trial.    July 1, 1836, death of defendant suggested, and Philip Fetion, his administrator, substituted.    " November 2d, 1836, defendant withdraws the plea of payment, and confesses that the judgment be revived so as to continue the lien of the original judgment mentioned in the *scire facias,* and pleads that the original judgment mentioned in the *scire facias* was opened by the court, and the defendant let into a defence, which matter is still depending and undetermined, as by the record of the said court remaining appears."    June 5th, 1837, plaintiff enters a rule to refer, &c. On the 23d June 1837, attorneys appointed arbitrators, who reported in favour of the plaintiff for the sum of $10,387.23½, with costs.    The defendant appealed.    On the 13th April 1838, judgment was entered for want of a plea, which the court afterwards refused to strike off.    A motion was afterwards made by defendant to show cause why the judgment should not be opened, &c., which the court refused.    A writ of inquiry issued finding damages $2678.78, with costs, and a *fieri facias* to April Term 1841, and a levy and condemnation was had of defendant's real estate.    Court directed administrator to apply to the Orphans' Court for sale of real estate, and plaintiff subsequently received $3332.51, debt, interest and costs, 27th March 1843.

On the 19th February 1839, on the record of the original suit, the death of John Bucher was suggested, and his administrator substituted and defendant pleaded *non assumpsit* and payment with leave.    Plaintiff replied he did assume, and had not paid. In August 1843, the plaintiff asked that a jury might be called and sworn to try these issues, which the court refused.    On a return to the mandamus from this court, the President of the court below returns as the cause of this refusal that the suit is no longer pending in that court; and we are of opinion that the return corresponds with the facts.    After issuing a *scire facias quod recuperet,* and recovering judgment on it for a specific sum, and issuing execution and receiving thereon the full amount of the debt, interest and costs *really* due on that judgment, the case is concluded; the plaintiff can no longer go back upon the original suit.    *Transit in rem judicatam* by his own acts and proceedings to try the merits on the *scire facias,* and obtaining judgment thereon.    We think, therefore, the return sufficient, and refuse further proceedings.

**Motion discharged.**